## WAHL et v. TRAPAS.

Ohio Appeals, 9th Dist., Summit Co.

No. 1518. Decided Dec. 7, 1928.

Falkner, Dotson & Haynes, Akron, for Wahl.

Samuel Friedman, Akron, for Trapas.

**WASHBURN, P. J.**

It is evident from the contract that the trial court considered that language in in said contract, which was signed by the defendants, to be a memorandum in writing as required by statute. In so holding, the trial court was clearly in error.

"1. The memorandum in writing which is required by the statute of frauds **Section 4199, Revised Statutes),** is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof."
**Kling, Admr., v. Bordner, 65 O. S. 86.**

This rule is well established, and there can be no question but that, in the case at bar, there was no memorandum in writing, signed by the defendants, which complied with the requirements of said section, and for that reason the item of $50 for commission on the sale of real estate, was erroneously included in the judgment of $55 which was rendered in this case.

As to the $5 item, the record discloses that there was proper proof that the defendants were liable to the plaintiff for said item, and there was no proof that the same had been paid, and therefore the plaintiff was entitled to a judgment against the defendants for $5 and no more.

The judgment that was rendered is therefore modified, by reducing the same from $55 to $5, and as so modified, is affirmed.

Funk, J., and Pardee, J., concur.